# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**RODRICK LEVAL JACKSON,**                                                      **PLAINTIFF**

**V.**                                                              **NO. 4:05CV53-GHD-EMB**

**DELTA CORRECTIONAL FACILITY,**
**JODY BRADLEY, WANDA TERRY,**
**MARVIN GAYDEN and WARDEN LEVE,**                                  **DEFENDANTS**

## REPORT AND RECOMMENDATION

On July 19, 2005, the *pro se* plaintiff, Rodrick Leval Jackson, appeared before the undersigned United States Magistrate Judge for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Plaintiff is currently confined as a pretrial detainee at Delta Correctional Facility in Greenwood, Mississippi. The Complaint alleges plaintiff has been denied daily recreation time, phone calls and showers. During the *Spears* hearing, plaintiff testified that during his confinement in 23-hour lockdown, he was occasionally denied his one-hour recreation time. He also said there were times when he only got one shower and one phone call a week.

The Eighth Amendment prohibits the imposition of prison conditions that constitute "cruel and unusual punishment." *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981). The Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute "punishment." *Bell v. Wolfish, 441 U.S. 520, 535 (1979)*. However, the fact that "detention interferes with the detainee's understandable desire to live as comfortably as possible" does not equate to punishment. *Id*. at 537.

In this case, plaintiff alleges he was occasionally denied telephone access, recreation, and showers. The undersigned finds that plaintiff's being occasionally denied these comforts does not amount to punishment. Thus, because he has failed to allege any facts that would suggest that the restrictions placed on him were punitive in nature, he has not stated a constitutional claim. *See Mann v. Smith*, 796 F.2d 79, 85-86 (5th Cir.1986) (finding that pretrial detainee had no right to an elevated bed and no right to hot water); *Cruz v. Hauck*, 515 F.2d 322, 333 (5th Cir.1975) (holding that prisoners not confined at a facility for long enough time to petition the courts had no right of access to legal materials), cert. denied, *Andrade v. Hauck*, 424 U.S. 917, 96 S.Ct. 1118, 47 L.Ed.2d 322 (1976). Therefore, it is recommended that plaintiff's Complaint be dismissed as frivolous.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 20th day of July, 2005.

**/s/ Eugene M. Bogen**
**UNITED STATES MAGISTRATE JUDGE**